**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS, et al.,<br><br>Defendants. | No. 2:19-CV-1444-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint (ECF No. 11).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names four defendants: (1) Lisa Harris, (2) J. Ponder, (3) James Telander, and (4) S. Gates.  Plaintiff alleges all defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

On January 23, 2019, defendant Harris withheld mental health treatment from plaintiff after he expressed thoughts of suicide and self-harm.  Plaintiff subsequently used a sharp object to mutilate his body, causing open wounds, bleeding, and scarring.  Plaintiff also claims his injuries have resulted in him suffering emotional distress.  As supervisors, defendants Ponder, Telander, and Gates ("supervisor defendants") allegedly implemented an unofficial policy that condoned withholding mental health treatment from prisoners. Plaintiff claims this policy was the moving force for the violation of plaintiff's constitutional rights.

## II.  DISCUSSION

Plaintiff states sufficient facts to allege a cognizable Eighth Amendment claim against defendant Harris, based on allegations of a direct failure to act in her capacity as prison psychologist.  Once again, however, the Court finds plaintiff fails to allege sufficient facts linking the conduct of the supervisor defendants to the violation of plaintiff's rights.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on

knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Plaintiff alleges that the supervisor defendants collectively condoned their staff withholding mental health treatment with impunity by vague reference to an unofficial policy. However, plaintiff does not mention the specific manner in which the supervisor defendants are liable in their individual, official capacity as supervisors. The complaint merely states that the supervisor defendants maintain an unofficial policy that "allows [] staff to withhold mental health treatment." ECF No. 1, pg. 4. There is no specific description of the policy, nor, more importantly, each defendant's individual involvement. In essence, plaintiff's claims here are a simple recitation of the elements of an Eighth Amendment claim against supervisor personnel. The Court finds this threadbare recitation insufficient to state a cognizable claim under § 1983.

The Court previously granted plaintiff leave to amend the complaint to include allegations establishing a connection between the supervisor defendants' conduct and a constitutional violation. See ECF No. 10. Since plaintiff has again failed to do so, granting further leave to amend would be futile.

///

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. The defendants Ponder, Telander, and Gates be dismissed from this action; and
2. Plaintiff's action shall proceed on his remaining Eighth Amendment claim against defendant Harris.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE